1917.]    Opinion of Court below—Opinion of the Court.

case, proceeds derived from sales pass as personal property and not as real estate.

The award to the son's widow, therefore, (his estate having been settled and all debts paid), of one-third of the share to which her husband would have been entitled was correct.

It should perhaps be added that in reaching this conclusion, we have not overlooked, although we have not thought it necessary to discuss, the apparently conflicting views expressed in opinions heretofore filed in this estate and relating to the distribution of rents (Metzger's Est., 222 Pa. 276, 242 Pa. 69,) or of the proceeds derived from sales of other real estate.

The court dismissed the exceptions. Louis J. Bergdoll appealed.

*Errors assigned* were in dismissing the exceptions.

*William H. Baile,* for appellant.

*R. Stuart Smith, A. Allen Woodruff* and *Nicholas H. Larzelere,* for appellee.

PER CURIAM, May 7, 1917:

The decree in this case is affirmed, at appellant's costs, on the opinion of the learned court below dismissing the exceptions to the adjudication.

---

## Murray et al. *v.* Randall et al., Appellants.

*Practice, C. P.—Ejectment—Suit against two defendants—Disclaimer by one defendant before trial—Judgment against both defendants—Motion to strike off judgment.*

Where in an action of ejectment one of two defendants filed a disclaimer before the case was called for trial, and although the jury was sworn as between the plaintiffs and the other defendant, the verdict was against both defendants, a motion to strike off the

judgment entered thereon was properly refused where the defendant who filed the disclaimer did not complain.

Submitted April 9, 1917.   Appeal, No. 202, Jan. T., 1916, by A. Blanche Matiser, from order of C. P. Luzerne Co., Oct. T., 1914, No. 853, discharging rule to show cause why judgment should not be stricken off in case of John C. Murray and Catherine Mulvey v. A. Blanche Randall, now A. Blanche Matiser, and John Morrett. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Affirmed.

Ejectment for the recovery of land in Luzerne County. Before STRAUSS, J.

John Morrett, one of the two defendants, filed a disclaimer, in consequence of which the jury was sworn as between the plaintiffs and A. Blanche Randall only. Judgment was entered in favor of the plaintiffs and against both A. Blanche Randall and John Morrett.

Further facts appear by the opinion of the Supreme Court.

The lower court discharged plaintiff's rule to strike off the judgment.   A. Blanche Matiser appealed.

*Error assigned* was in refusing to strike off the judgment.

*B. R. Jones, R. B. Smith* and *E. G. Butler,* for appellants.

*Richard B. Sheridan, Michael F. McDonald* and *John T. Lenahan,* for appellees.

PER CURIAM, May 7, 1917:

In this ejectment one of the two defendants, John Morrett, filed a disclaimer before the case was called for trial. Notwithstanding this, a verdict was rendered against both defendants, and judgment thereon was duly

entered.   A. Blanche Matiser, the other defendant, appealed from that judgment to this court, but subsequently suffered a non pros.   Shortly afterwards she presented her petition to the court below, asking that the judgment be stricken off, for the reason that the verdict had been improperly rendered against herself and Morrett, in view of the latter's disclaimer before the trial. This petition was dismissed, for the good reason that Morrett himself was not complaining of the judgment against him, and the entry of it in no manner impaired or invalidated the judgment against the appellant.

Appeal dismissed at her costs.